**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ESTATE OF RANDY RUIZ, Deceased, | ) | |
| by, ANDRES DeJESUS, Administrator, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 20-cv-1682 |
| | ) | |
| WEXFORD HEALTH SOURCES, | ) | Honorable Jeremy C. Daniel |
| INC., *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTIONS [445, 446] TO ALLOW TRIAL TESTIMONY BY VIDEO TRANSMISSION**

Defendants Jeffrey Clark, Walter Nicholson, and Jordan Moore ("Defendants"), by and through their attorney, Kwame Raoul, Attorney General of Illinois, and for their response to Plaintiff's Motions to Allow Trial Testimony of Dennis Giovannini and Dr. Valerie Arangelovich by Video Transmission (Dkts. 445-6), state as follows:

1. Pending before the Court are Plaintiff's (1) Motion to Allow Trial Testimony of Dr. Arangelovich (Dkt. 445); and (2) Motion to Allow Trial Testimony of Attorney Dennis Giovannini by Video Transmission (Dkt. 446). On July 24, 2026, the Parties filed their Proposed Pretrial Order. Dkt. 444. Schedule (B) contains Plaintiff's Witness List, which includes both Dr. Arangelovich and Giovannini. *Id.* at p. 5. Both individuals have pending objections posed by Defendants. *Id.* In addition, Defendants have a pending motion before the Court, their motion *in limine* #21 seeking to bar the testimony of witnesses or exhibits not previously disclosed. Dkt. 425 at p. 27.

2. On July 27, 2026, Plaintiff's counsel inquired as to whether Defendants would have any objection to the filing of the aforementioned motions seeking video testimony of Dr.

1

Arangelovich and Giovannini. On July 28, 2026, Defendants reminded Plaintiff that they object to testimony from both individuals generally, and that they would object to such motions being filed.

3. Plaintiff seeks to have the Court enter an order allowing Dr. Arangelovich and Giovannini to testify via live video transmission during jury trial.

## DR. VALERIE ARANGELOVICH

4. Plaintiff states, in its Motion, that Dr. Arangelovich conducted the autopsy on Randy Ruiz ("Decedent") and "is a necessary witness to establish the condition of Randy Ruiz' body at time of death." Dkt. 445 at para 2. Defendants have objected to the testimony of Dr. Arangelovich pursuant to Federal Rule of Civil Procedure 37, which states in pertinent part, "if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

5. Further, Dr. Arangelovich's testimony is not relevant under Federal Rules of Evidence 401 and 403 because Decedent's cause of death is not at issue. Under Rule 401, evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Fed. R. Evid. 401. The claim for trial is whether Defendants failed to prevent Plaintiff from taking his life. Dr. Arangelovich authored the Decedent's postmortem report, which clearly lays out the Decedent's cause of death. Defendants do not dispute the Decedent's cause of death. Dr. Arangelovich cannot speak to what the Decedent's estate can recover, including damages. However, in Plaintiff's Motion, Dr. Arangelovich is cited as "a necessary witness to establish the condition of Randy Ruiz' body at time of death." Dkt. 445 at para 2. Defendants do not call into question the condition of Decedent's body at the time of his death, nor do they call into question the authenticity of the

2

postmortem report. Under Rule 403, the Court exclude relevant evidence if its probative value is substantially outweighed by … unfair prejudice … wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. The purpose for which Plaintiff is seeking the testimony of Dr. Arangelovich is to establish the details of any injury. As Defendants do not dispute the cause of death, Dr. Arangelovich's testimony would serve to delay the proceedings by needlessly presenting cumulative evidence. Concerningly, such testimony would also be unfairly prejudicial, as Dr. Arangelovich would come before the jury and provide details that would garner sympathy and potentially evoke horror. This rhetorical appeal to pathos should be barred.

## DENNIS GIOVANNINI

6. In Plaintiff's Motion concerning Giovannini, it states that he "is the criminal defense attorney who represented Randy Ruiz in the criminal trial that resulted in his placement in the Illinois Department of Corrections, and is a necessary witness to establish the condition of Randy Ruiz' body at time of death." Dkt. 446 at para 2. Defendants have objected to the testimony of Giovannini pursuant to Federal Rules of Evidence 401, 403, and 602. Under Rule 401, the Decedent's former defense lawyer from his criminal trial would provide no testimony that would make a fact in this instant matter any more or less probable than should he provide no testimony at all. His testimony is simply irrelevant to the nature of the Decedent taking his own life at Stateville Correctional Center's Northern Reception Center. Under Rule 403, Giovannini's testimony would similarly waste time and needlessly present cumulative evidence. Going further, Giovannini's testimony would confuse the issues here, as the claims of the estate for purposes of this case do not implicate the criminal trial of the Decedent's underlying felony. To the extent that Plaintiff intends to call Giovannini for testimony related to Decedent's prospects for post-trial motions, resentencing, and appeal of his criminal conviction, such testimony is not relevant to the

3

parties' claims or actions in this instant matter and would mislead the jury, confuse the issues, and waste time under Federal Rule of Evidence 403.

7. Federal Rule of Evidence 602 allows for a witness to "testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602. Here, Plaintiff provides the same reasoning that they provide as to Dr. Arangelovich: that Giovannini "is a necessary witness to establish the condition of Randy Ruiz' body at time of death." Dkt. 446 at para 2. Defendants are befuddled as to how the Decedent's former criminal defense attorney would have personal knowledge of anything that happened to him once his criminal trial concluded and he was handed his sentence. Giovannini would <u>not</u> have personal knowledge of what led to Decedent taking his own life, the circumstances surrounding the tragedy, and furthermore, Defendants' pending Motion *in limine* #13 asks to bar lay medical opinion testimony. Giovannini is not a medical professional and therefore cannot testify to the condition of the Decedent's body.

WHEREFORE**,** Defendants Jeffrey Clark, Walter Nicholson, and Jordan Moore respectfully request that this Honorable Court deny Plaintiff's Motions 445-6, and for such other relief this Court deems just and proper.

Dated:  July 29, 2026

Respectfully submitted,

KWAME RAOUL
Attorney General of Illinois

By:     */s/Huda Khan*
      Huda Khan
      Assistant Attorney General
      Office of the Illinois Attorney General
      115 South LaSalle Street
      Chicago, Illinois 60603
      (312) 446-1286
      Huda.Khan@ilag.gov